Common Pleas Court of Hamilton County.

JOHN KUNZELMAN V. WALTER HARRIS, SR.

Decided November 20, 1933.

*Stanley Silversteen,* for plaintiff.
*C. C. McGary,* for defendant.

MATTHEWS, J.

The question presented in this case by agreement of counsel is whether or not unassigned dower consummate is

a defense to an action by the heir to recover possession of the inherited real estate subject to such claim of unassigned dower.

The nature of the right of dower consummate before assignment under the laws of Ohio is discussed and the result of the Ohio decisions summarized in 14 Ohio Juris. at pages 679 and 680. It will be seen therefrom that the statute as construed does not vest an estate in the surviving consort before assignment. It is in the nature of a chose in action. The Ohio cases are in harmony with the general rule in other jurisdictions. In 9 R. C. L., p. 593, commenting on the rights of the widow after her husband's death and before assignment, the author says:

"She is not entitled as dowress to possession of any of her husband's land until it has been assigned to her as dower * * * ; and if she enter without assignment she is liable to the heir for trespass, and can be ousted by an action of ejectment, though she has an enforceable right against him for assignment of dower."

In *North* v. *Puckett,* 81 A. L. R. 1107, the Supreme Court of Tennessee held, as stated in the syllabus, that:

"Until assignment of dower is made, a widow has no right to rents and profits or right of entry on the premises."

And at page 1108, the court says:

"The widow may be ejected by the heirs where she is holding without assignment."

On these authorities the court holds that the defendant's unassigned dower consummate is no defense to this action by the heir to recover possession, and a judgment entry for the plaintiff may be presented.